IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CANDIS UNITA MACK,
*pro se*,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL NO.: WDQ-08-0348
CIVIL NO.: WDQ-10-1054

MEMORANDUM OPINION

Candis Unita Mack pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base ("crack"). On May 28, 2009, she was sentenced to 135 months imprisonment. Pending is Mack's *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Mack's motion will be denied.

I. Background

In the February 12, 2009 Plea Letter--which Mack signed-- the parties stipulated under Fed. R. Crim. P. 11(c)(1)(C) that because the offense involved at least 500 grams but less than 2

1

kilograms of cocaine, and at least 150 grams but less than 500 grams of crack, the base offense level was 32 and the appropriate sentence was 135 months. Govt. Opp., Ex. 1 (Letter from Assistant United States Attorney Christopher Romano to Assistant Federal Public Defender Paula Xinis, Feb. 12, 2009). Mack entered her guilty plea on March 6, 2009, and was sentenced to 135 months imprisonment on May 28, 2009.

On April 27, 2010, Mack moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Paper No. 189.

II. Analysis

A. Mack's Motion

Mack makes two arguments in support of her § 2255 motion: (1) the Court disregarded the Supreme Court's decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Spears v. United States*, 129 S. Ct. 840 (2009) in sentencing her and (2) failed to apply the United States Sentencing Commission's revision of the Guidelines applying to crack. Mack asks that the Court "take the approach endorsed by *Spears* and 'reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines.'" Mot. to Vacate 9 (*quoting Spears*, 129 S. Ct. at 844).

Before addressing these arguments, it should be noted that Mack does not dispute that the amount of crack involved in the

offense of conviction--more than 150 grams--subjected her to a mandatory minimum sentence of 10 years (120 months). *See* 21 U.S.C. § 841(b)(iii). Nothing in the Supreme Court decisions or in the Guidelines amendment she cites alters the fact that the Court was required to impose a sentence of at least 10 years. Thus, Mack's motion essentially requests a 15-month reduction of her sentence.

    1. *Kimbrough* and *Spears*

*Kimbrough* held that "under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only" and that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve § 3553(a)'s purpose, even in a mine-run case." *Kimbrough*, 552 U.S. at 110. *Spears* summarized *Kimbrough*'s effect by quoting with approval a dissenting opinion of the lower court:

> [*Kimbrough*] established that even when a particular defendant in a crack cocaine case presents no special mitigating circumstances--no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation--a sentencing court may nonetheless vary downward from the advisory guideline range. The court may do so based solely on its view that the 100-to-1 ratio embodied in the sentencing guidelines for the treatment of crack cocaine versus powder cocaine creates an unwarranted disparity within the meaning of § 3553(a), and is at odds with § 3553(a). The only fact necessary to justify such a variance is the sentencing court's disagreement with the

> guidelines--its policy view that the 100-to-1 ratio creates an unwarranted disparity.

*United States v. Spears*, 533 F.3d 715, 719 (8th Cir. 2008) (Colloton, J., dissenting) (citations omitted).[1]

Mack appears to contend that the Court did not consider its power to vary downward from the Guidelines when it sentenced her. She is incorrect. As the Court stated at sentencing, it had considered the factors under 18 U.S.C. § 3553(a)--including the so-called crack/powder disparity under the Guidelines--and had found that the agreed-upon sentence of 135 months was sufficient, but not greater than necessary, to serve the purposes enumerated in § 3553(a). Mack's disagreement with the Court's evaluation of the § 3553(a) factors is not a basis for relief under § 2255.

2. Failure to Apply Guidelines Crack Amendment

Mack also argues that the Court erred by failing to apply the Sentencing Commission's amendment to the crack cocaine

---

[1] Mack also cites the testimony of Assistant Attorney General Lanny A. Breuer, head of the Justice Department's Criminal Division, given at a hearing before the Senate Judiciary Committee's Subcommittee on Crime and Drugs. Breuer testified that "[the Justice Department] recognize[s] that federal courts have the authority to sentence outside the guidelines in crack cases or even to create their own quantity ratio." *Restoring Fairness to Federal Sentencing: Addressing the Crack-Powder Disparity: Hearing Before the S. Subcomm. on Crime and Drugs*, 111th Cong. 12 (2009) (statement of Lanny A. Breuer, Assistant Att'y Gen.). Breuer's testimony merely recognizes the authority of *Kimbrough* and *Spears*; it is unclear how it advances Mack's argument.

guideline. Given that she argues the amendment should apply "retroactively" to her sentence, she apparently believes that the amendment was recently made.[2] The Sentencing Commission adopted the amendment reducing the crack-to-powder ratio in 2007. *See* U.S.S.G., Supp. App. C., Amdt. 706 (Nov. 2007). Thus, the Plea Letter's stipulated guideline range--and that which was calculated by the Court--accounted for the 2007 amendment.

Mack has failed to show a basis for relief under § 2255. Accordingly, her motion to vacate, set aside or correct sentence will be denied.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S.

---

[2] It is possible that Mack believes Assistant Attorney General Breuer's testimony--which occurred several weeks after her sentencing--represented the adoption of the amendment.

473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing her claims upon receipt of such permission.

Because Mack has not made a substantial showing of the denial of her constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Mack's motion to vacate, set aside, or correct her sentence will be denied.


July 26, 2010                   _____/s/_____
Date                             William D. Quarles, Jr.
                                  United States District Judge